UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

DANIEL J. STRANG,

                              Plaintiff,

    - against -

CHASE MANHATTAN BANK, USA, N.A.,

                              Defendant.

-------------------------------------------------------------X

FILED
2003 NOV 17   P 4: 04

Civil Action No.
302CV564 (AWT)

## AFFIDAVIT OF GOOD FAITH PURSUANT TO
## FRCP 27(a)(2) AND LOCAL RULE 37(a)

1.    I am a member of the firm of Simmons, Jannace & Stagg, L.L.P., attorneys for defendant Chase Manhattan Bank USA, N.A. ("Chase").

2.    I submit this affidavit pursuant to FRCP 37(a)(2) and Local Rule 37(a) in support of Chase's motion to compel plaintiff to appear for a deposition in Connecticut after Chase receives plaintiff's medical records and provide an un-redacted copy of his retainer agreement.

3.    I certify that Chase has in good faith conferred with plaintiff to resolve discovery disputes in the following ways:

**Plaintiff's Deposition**

At plaintiff's July 29, 2003 deposition, plaintiff agreed to discontinue his claims for physical or mental damages. Accordingly, Chase agreed to postpone questioning about plaintiff's mental or physical damages. Plaintiff agreed to be re-deposed if he did not discontinue these claims.

By letter dated August 14, 2003, Chase requested that plaintiff sign a stipulation discontinuing these claims or sign authorizations allowing Chase to obtain plaintiff's medical records.

**ORAL ARGUMENT IS NOT REQUESTED**

Plaintiff did not respond for more than one month. On September 19, 2003, plaintiff's counsel claimed he misplaced the stipulation and requested another copy. By email dated September 19, 2003, Chase sent plaintiff an additional copy.

By email dated September 19, 2003, plaintiff refused to sign the stipulation and refused to provide any signed medical authorizations. Plaintiff indicated he would only stipulate to discontinue claims for permanent injuries.

On September 25, 2003, Chase explained that if plaintiff refused to discontinue claims for temporary physical and psychological injuries, Chase was entitled to the authorizations. Plaintiff claimed he misplaced the authorizations and requested that Chase resend them. Chase did so.

By letter dated September 29, 2003, Chase confirmed that plaintiff was required to provide Chase with signed authorizations.

By email dated October 1, 2003, plaintiff again refused to sign the authorization. He incorrectly assumed that they required plaintiff to pay for the copying of his records. On October 1, 2003, Chase sent plaintiff an email and letter confirming that Chase would pay for the copying.

On October 23, 2003, plaintiff sent Chase an email claiming he sent the signed authorizations back to Chase. *They could not be processed because plaintiff did not fill in the names or addresses of the health care providers.* That same day, Chase sent the authorizations back to plaintiff for completion. On November 9, 2003, plaintiff sent completed authorizations back to Chase. He advised that if Chase wished to depose plaintiff in person, it would have to do so by November 21, 2003, because plaintiff was relocating to Florida.

**ORAL ARGUMENT IS NOT REQUESTED**

**Plaintiff's Retainer Agreement**

On August 14, 2003, Chase served a request for the production of plaintiff's retainer agreement with plaintiff's counsel.

On September 17, 2003, plaintiff served a redacted copy of his retainer agreement.

By letter dated September 29, 2003, Chase advised that this response was insufficient and that plaintiff was required to provide a privilege log for the redacted portions.

On October 1, 2003, plaintiff's counsel refused to provide a privilege log with respect to portions of the agreement. He advised that these portions were "not relevant to any issue of material fact in this matter and will not be disclosed under any conditions."

By letter dated October 7, 2003, Chase advised plaintiff that this was unacceptable and demanded an un-redacted version of the agreement.

Plaintiff has not provided it.

Dated:    East Meadow, New York
         November 14, 2003

                                        SIMMONS, JANNACE & STAGG, L.L.P.

                                 By:    _____
                                        Thomas E. Stagg (ct 23429)
                                        Attorneys for Defendant
                                        Chase Manhattan Bank, USA, N.A.
                                        **Office & P.O. Address:**
                                        The Financial Center
                                        90 Merrick Avenue, Suite 102
                                        East Meadow, New York 11554
                                        (516) 357-8100

Aff Good Faith-Compel

3

**ORAL ARGUMENT IS NOT REQUESTED**

## CERTIFICATE OF SERVICE

DANIEL J. STRANG
v.
CHASE MANHATTAN BANK, USA, N.A.

U.S.D.C., District of Connecticut
Case No. 302CV564 (AWT)

This is to certify that a copy of the foregoing AFFIDAVIT OF GOOD FAITH was mailed, first class mail, postage prepaid, on this 14th day of November, 2003, to:

Zenas Zelotes, Esq.
Attorney for Plaintiff
753 Buddington Road
Groton, CT 06320

BY: _____
THOMAS E. STAGG (ct23429)
Simmons, Jannace & Stagg, L.L.P.