IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -4 P 2: 29

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| Daniel J. Strang | ) |
|         Plaintiff | ) |
| v. | ) 302cv564(AWT) |
| | ) |
| Chase Manhattan Bank, N.A. | ) |
|         Defendant | ) |
| | ) December 3, 2003 |

**OBJECTION TO MOTION TO COMPEL and**

**MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR CONTEMPT**

The plaintiff responds to the defendant's motion to compel as follows:

**I.     Chase Seeks Information Protected by the Attorney-Client Privilege**

Chase asks this court to compel a copy of his retainer agreement, absent redactions.

The redacted information on the backside of the agreement recites the client's election to delegate or withhold advance settlement authority (and any restrictions thereupon). The redacted information requested on the backside of the agreement is privileged.[1] A privilege log, dated 10/01/03 (Exhibit), was on 10/02/03 served upon the defendant.

---

[1] In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice. *Shew* v. *Freedom of Information Commission,* supra, 245 Conn. 157, citing *Upjohn Co.* v. *United States,* 449 U.S. 383, 390, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). It is undisputed that the privilege was created "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observation of law and administration of justice." *Upjohn Co.* v. *United States,* supra, 389. Exceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential communications. *Goddard* v. *Gardner,* 28 Conn. 172, 174 (1859).

**ORAL ARGUMENT REQUESTED**

The ACP notwithstanding, my client's decision to withhold or delegate advance settlement authority, and the parameters of any such delegation, are not items of information reasonably calculated to lead to the admission of admissible evidence and is therefore outside of the scope of discovery. Fed.R.Civ.P. § 26(b)(1) (discovery must be "relevant")

Mr. Stagg wants to know what Mr. Strang is willing to accept to settle this litigation (no kidding?). Mr. Zelotes, in like kind, would assuredly like to know what Mr. Murphy (Chase's in-house counsel) is willing to pay to settle this litigation. I doubt he will speak.

The only way to discover this type of information (if at all) is indirectly -- through settlement negotiations -- not document production. Mr. Stagg knows this.

The discovery sought is irrelevant.

## II.    Chase Seeks Other Information, Also Irrelevant

Chase asks this court to compel a copy of his retainer agreement, absent redactions.

The redacted information on the front side of the agreement recites the attorney's contingency fee arrangement. Although not privileged, this information is not reasonably calculated to lead to the admission of admissible evidence and is therefore outside of the scope of discovery. Fed.R.Civ.P. § 26(b)(1) (discovery must be "relevant")

Mr. Stagg wants to know what how Mr. Zelotes gets paid in the event of success. That's none of his business. If the plaintiff prevails, the plaintiff will be entitled to a "reasonable attorney's fee" based upon lodestar analysis.[2] Such an award (if contingent) shall depend, not upon the plaintiff's financial arrangement with the plaintiff, but rather, the value of his hourly time. Whatever arrangement Mr. Zelotes may have with Mr. Strang respecting the post-judgment division of spoils is of no proper concern to Mr. Stagg (it is not a lodestar factor).[3]

The discovery requested is irrelevant.[4]

### III.  Objection to Motion to Compel Deposition

---

[2] The Second Circuit requires use of the lodestar-multiplier method. *Grinnell I*, 495 F.2d at 468-474; *Grinnell II*, 560 F.2d at 1098-1100; *In Re Agent Orange*, 818 F.2d at 222. "[D]istrict courts should place primary reliance on the value of the time actually expended by fee applicants as determined by normal billing rates." *Grinnell II*, 560 F.2d at 1099."

[3] The lodestar factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Bristol Tech. v. Microsoft Corp.*, 127 F.Supp.3d (2000)

[4] Even were the court of a contrary opinion, disclosure would be premature. This information is relevant only if the plaintiff wins on the merits (an event uncertain). Absent such success, the court should be wary to compel the production of information that (although perhaps not privileged) is properly confidential and otherwise irrelevant to the merits of this action. Applying a similar reasoning, this court denied the plaintiff access to the defendant's financial information (as "premature.") Ruling on Discovery Motions (Martinez, J.) re: Request No.6 (04/23/03). As respects the client's retainer sensitivities, better policy suggests that the court stay its hand.

The plaintiff's objection to the defendant's motion to compel the plaintiff's physical presence at a (follow-up) deposition is procedural. The defendant does not cite the authority by which it purportedly proceeds.

In so doing, the defendant fails to explain how it can "compel" the plaintiff's attendance at a deposition that has not yet been noticed.

The reason is obvious: the rules afford no such relief.

The defendant must first notice its deposition. If, thereafter, the plaintiff deems it necessary to move for a protective order, it is incumbent upon the plaintiff to so move.[5] Only then will this issue be ripe for decision.[6]

## MEMORANDA IN SUPPORT OF MOTION FOR CONTEMPT

On 04/23/03 the court (Martinez, J) ordered the defendant to produce training manuals used by persons being deceased unit supervisors. (Doc. # 74)

---

[5] Contrary to the defendant's erroneous assertion, the plaintiff does not claim that the events averred in the complaint caused any permanent physical injury. Any subsequent deposition would be limited to whether the plaintiff had been previously experienced acid reflux and whether the events averred ever aggravated that condition. The defendant's sole purpose in compelling his presence all the way up from Florida at (what should reasonably be) a two-minute follow-up deposition is to unfairly burden a cash-strapped consumer plaintiff. The plaintiff also objects to the defendant's recital and characterization of the events preceding. The plaintiff will elaborate at oral argument.

[6] The defendant could, after all, be unexpectedly available on such date, in which case, this motion will have imposed a senseless tax upon the judicial resource. This issue is, accordingly, not ripe for decision.

On 09/05/03, the court (Thompson, J.) modified the aforesaid order, but compelled the discovery nonetheless.

To date (12/03/03) the defendant has failed to produce the documents compelled.

Wherefore the plaintiff prays that the defendant be held in contempt of court and appropriate sanction enter.

                                          Daniel J. Strang, Plaintiff
                                          By his Attorney
                                          ZENAS ZELOTES, ESQ.

                                          Zenas Zelotes, Esq.
                                          Consumer Law Office of
                                          Zenas Zelotes, Esq.
                                          753 Buddington Road
                                          Groton CT 06320
                                          (860) 448-6140
                                          Fed Bar No. ct23001

Case Exhibit: Privilege Log

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Daniel J. Strang )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Chase Manhattan Bank, N.A. )<br>)<br>Defendant )<br>) | 302cv564(AWT)<br><br>October 1, 2003 |

## PRIVILEGE LOG

The plaintiff, pursuant to Fed.R.Civ.P. 26(b)(5) and the Local Rules of Civil Procedure, states:

In response to Chase's Third Request for Production, certain redactions were made in conjunction with its Fifth Request, asserting attorney-client privilege.

1. Nature of Document: The undersigned attorney's fee agreement executed in conjunction with his accepting representation in the above-titled action.

2. Subject Matter: The client's initial election relating to his decision to delegate or withhold from his attorney advance settlement authority and any restrictions or parameters attendant thereto (Pg. 2 Redactions).

3. Author: Zenas Zelotes, Esq. (with instruction and annotation by client)

4. Recipient: Zenas Zelotes, Esq. / Daniel J. Strang

Daniel J. Strang, Plaintiff
By his Attorney
ZENAS ZELOTES, ESQ.

_____
Zenas Zelotes, Esq.
Consumer Law Office of
Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct23001

## Certificate of Service

I hereby certify that a copy of the foregoing document, dated 10/1/03, was on 10/1/03 mailed to:

Simmons, Jannace & Stagg, LLP
Attn: Thomas E. Stagg, Esq.
90 Merrick Avenue, Suite 102
East Meadow, New York 11554

Dated: 10/1/03

                                           Daniel J. Strang, Plaintiff
                                           By his Attorney
                                           ZENAS ZELOTES, ESQ.

                                           Zenas Zelotes, Esq.
                                           Consumer Law Office of
                                           Zenas Zelotes, Esq.
                                           753 Buddington Road
                                           Groton CT 06320
                                           (860) 448-6140
                                           Fed Bar No. ct23001

# Zenas Zelotes Esq.
753 Buddington Road, Groton, CT 06340
(860) 448-6140 Credit Report Lawyer.Com

**COMMERCIAL TRADE PRACTICES LITIGATION**

Simmons, Jannace & Stagg, LLP
Attn: Thomas Stagg
90 Merrick Avenue, Suite 102
East Meadow, New York 11554          12/3/03

# Zenas Zelotes Esq.
753 Buddington Road, Groton, CT 06340
(860) 448-6140 Credit Report Lawyer.Com

**COMMERCIAL TRADE PRACTICES LITIGATION**

12/3/03

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was on this date served via first class mail (USPS) upon each addressee hereon listed.

Date: 12/3/2003

DANIEL J. STRANG

by ZENAS ZELOTES, ESQ.
his Attorney

_____
ZENAS ZELOTES, ESQ.
Consumer Law Office of Z Zelotes
753 Buddington Road
Groton CT 06320
Tel. (860) 448-6140
Fax: (860) 448-6140
Zzelotes@comcast.net
Juris No. 419408

# Zenas Zelotes Esq.
753 Buddington Road, Groton, CT 06340
(860) 448-6140 Credit Report Lawyer.Com

**COMMERCIAL TRADE PRACTICES LITIGATION**

12/3/03