UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

DANIEL J. STRANG,

                  Plaintiff,                Civil Action No.
                                                      302CV564 (AWT)

        - against -

CHASE MANHATTAN BANK, USA, N.A.,

                  Defendant.

------------------------------------------------------------X

## MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF CHASE'S MOTION TO COMPEL
### AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR CONTEMPT

Defendant, Chase Manhattan Bank, USA, N.A. ("Chase"), by its attorneys, Simmons, Jannace & Stagg, L.L.P., respectfully submits this Memorandum of Law in support of its motion pursuant to Federal Rules of Civil Procedure (FRCP) 37(a) and Local Rule 37 for an order: (1) compelling plaintiff to appear for a deposition in Connecticut after Chase receives plaintiff's medical records; (2) compelling plaintiff to provide an un-redacted copy of his retainer agreement; and (3) granting Chase such other and further relief as the Court deems just and proper and in opposition to plaintiff's motion for contempt.[1]

### Nature of the Case

Plaintiff claims Chase engaged in unfair billing practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Plaintiff also alleges that Chase

---

[1] Subsequent to Chase serving its motion, plaintiff appeared for deposition in Connecticut, so Chase withdrew its request for this specific relief.

**ORAL ARGUMENT IS NOT REQUESTED**

obtained his credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681b(a)(3)(A).

Plaintiff's claims lack merit because plaintiff was an authorized user, and upon information and belief, a joint cardholder on the subject credit card account.

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD PROVIDE AN UNREDACTED COPY OF HIS RETAINER

Chase established that plaintiff should disclose an unredacted copy of his retainer agreement because plaintiff is pursuing a claim for attorneys' fees and a retainer agreement is not subject to the attorney client privilege. (Chase Mem. at 5.)

Plaintiff argues that the information in the retainer agreement is privileged or irrelevant. (Plaintiff's Mem. at 1-2.) As set forth in Chase's moving memorandum, information in a retainer agreement is not privileged. See United States v. Pape, 144 F.2d 778, 782, (2d Cir. 1944) (retainer is not subject to attorney client privilege). (Chase Mem. at 5-6.)

Plaintiff also argues that the information regarding whether plaintiff has delegated settlement authority is unrelated to attorneys' fees. (Plaintiff's Mem. at 1-2.) This is incorrect.

If a client delegates all settlement authority to his attorney, the attorney's interest in settling the matter may be compromised by his desire to continue litigation and thereby increase attorneys' fees. An arrangement on those terms would border on champerty.

**ORAL ARGUMENT IS NOT REQUESTED**

Conversely, if a client retains all settlement authority, and is not required to listen to his attorney's recommendation regarding settlement, an appropriate settlement proposal might be ignored by an irrational client. This, too, would increase attorneys' fees. It is certainly relevant, and Chase is entitled to explore, whether counsel may have a motivation to artificially inflate his fees to serve his own ends. It was plaintiff, not Chase, that put attorneys' fees in issue in this case.

Plaintiff also argues that the terms of his contingency fee agreement are "none of [Mr. Stagg's] business." (Plaintiff's Mem. at 2-3.) This is not an acceptable reason for withholding information. Again, Attorney Zelotes and his client raised the issue of fees.

Finally, plaintiff argues that Chase is not entitled to information in the retainer because it is irrelevant and unlikely to lead to admissible evidence. (Plaintiff's Mem. at 2.[2])

In the Second Circuit, parties are required to disclose anything related to the claims or defenses of any party to the action. See Jockey Int'l, Inc. v. M/V "Leverkusen Express", 217 F. Supp. 2d 447 (S.D.N.Y. 2002)(FRCP 26(a)(1)(B) obligates parties to disclose all documents the party may use to support its claims or defenses.) Plaintiff has asserted a claim for attorneys' fees. The terms in plaintiff's retainer agreement that set forth details regarding the payment of those fees are related to this claim. See Colton v. United States, 306 F.2d 633, 637-38 (2d Cir. 1962) (compelling attorney to answer questions regarding payment of his fees); Bailey v. Meister Brau, Inc., 55 F.R.D. 211, 214 (N.D. Ill. 1972) (plaintiff compelled to provide information regarding

---

[2] Plaintiff's Memorandum of Law does not contain page numbers. Citations are to the page numbers that should be on plaintiff's memorandum.

3

amount of attorney fees and terms of retention of counsel); see also The First Nat'l Bank of Chicago v. Ackerly Communications, Inc., 2001 WL 15693, at *6, n. 6 (S.D.N.Y. Jan. 8, 2001)[3] (party alleging damages must provide to other parties a computation of any category of damages and *materials bearing on the nature and extent of damages*).

Moreover, if plaintiff wishes to withhold portions of the retainer agreement on the ground that they are irrelevant, he should have moved for a protective order. See Brown v. Van Camp Co., Division of Ralston Purina Co., 1991 WL 208799, at * 1 (S.D.N.Y. Sept. 20 1991).[4] He failed to do so.

The cases plaintiff cites do not address whether a retainer agreement should be disclosed. All are inapplicable.

Shew v. Freedom of Information Comm., 245 Conn. 149 (Sup. Ct. 1998) holds that a government official may invoke the attorney client privilege in the context of an investigation as to whether he abused his power.

Goddard v. Gardner, 1859 WL 1260 (Sup Ct. of Errors CT Feb. Term, 1859) holds that the attorney client privilege does not protect information communicated by the client to his attorney in the presence of another person.

City of Detroit v. Grinnel Corp., 495 F.2d 448 (2d Cir. 1974) and City of Detroit v. Grinnel Corp., 560 F.2d 1093 (1977) were abrogated more than three years ago by Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000). They applied solely to class actions where attorneys sought a percentage of the class's recovery as attorneys' fees.

---

[3] A copy of this case is annexed as Exhibit "A".
[4] A copy of this case is annexed hereto as Exhibit "B".

4

**ORAL ARGUMENT IS NOT REQUESTED**

Accordingly, Chase's motion to compel plaintiff to disclose an unredacted copy of his retainer agreement should be granted.

## POINT II

## PLAINTIFF'S MOTION FOR CONTEMPT SHOULD BE DENIED

### A.   Plaintiff's Motion is Moot

When a party agrees to comply with a discovery request, a motion to compel that party to comply with the request is a waste of judicial resources and should be denied. See Funai Elec. Co., Ltd v. Orion Elec. Co., Ltd., 2002 WL 1808419, at *4 (S.D.N.Y. Aug. 7, 2002)[5] (motion to compel the production of documents denied where party from whom discovery is sought agreed to produce the responsive documents.)

Chase expects to provide plaintiff with the training manuals he seeks within the next two weeks. Accordingly, plaintiff's motion should be denied.

### B.   Plaintiff's Motion Is Riddled With Procedural Deficiencies

#### i.   Plaintiff Did Not Attach Copies of the Discovery Requests and Responses in Dispute

Local Rule 37(a)(3) provides, in pertinent part:

Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

Plaintiff failed to annex copies of any of the discovery requests in dispute to his Memorandum. Accordingly, plaintiff's motion should be denied. See Order of Magistrate Judge Donna Martinez at p.1 in Strang v. Chase Manhattan Bank, N.A. annexed as Exhibit "D."

---

[5] A copy of this case is annexed as Exhibit "C."

5

**ORAL ARGUMENT IS NOT REQUESTED**

ii.  **Plaintiff Did Not Provide a Verbatim
Listing of the Discovery Items Sought**

Local Rule 3(a) provides, in pertinent part:

Each memorandum shall contain . . . a specific *verbatim listing* of each of the items of discovery sought. (emphasis added)

Thus, the movant "must set forth the precise text of the discovery request including the title of the request as it appears in the discovery request served on the opposing party." See id. at p. 2.

Plaintiff's motion seeks an order for contempt for failure to provide training materials. (Plaintiff's Mem. at 4-5.)  Plaintiff did not provide a verbatim listing of the discovery request at issue.  Accordingly, plaintiff's motion should be denied.  See id.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant Chase an Order: (1) compelling plaintiff to provide an unredacted copy of his retainer agreement; (2) denying plaintiff's motion for contempt; and (3) granting Chase such other and further relief as the Court deems just and proper.

Dated:   East Meadow, New York
         December 23, 2003

                                        Simmons, Jannace & Stagg, L.L.P.

                                        BY: _____
                                        Thomas E. Stagg
                                        (Juris No. CT 23429)
                                        Attorneys for Defendant
                                        Chase Manhattan Bank, USA, N.A.
                                        **Office & P.O. Address:**
                                        90 Merrick Avenue, Suite 102
                                        East Meadow, New York 11554
                                        (516) 357-8100

**ORAL ARGUMENT IS NOT REQUESTED**