

1991 WL 208799
(Cite as: 1991 WL 208799 (S.D.N.Y.))
H

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Delano BROWN, Plaintiff,

v.

VAN CAMP COMPANY, DIVISION OF
RALSTON PURINA COMPANY, and Ralston
Purina
Company, Jointly, Severally and Individually,
Respectively, Defendants.

No. 87 Civ. 2567 (CSH).

Sept. 20, 1991.

*MEMORANDUM OPINION AND ORDER*

HAIGHT, District Judge:

*1 This is a diversity action for personal injury. Plaintiff Brown was an inmate at the Greenhaven Correctional Facility when the alleged injury occurred. Defendants process, can and ship Chicken of the Sea tuna. Brown, appearing *pro se,* alleges that defendants produced a can of tuna containing a foreign substance, and that he was injured when he consumed tuna from that can.

Plaintiff served discovery requests on defendants. Defendants have responded by moving under Rule 26(c), Fed.R.Civ.P., for a protective order against plaintiff's Notice of Discovery and Inspection dated November 1990. For the reasons stated below, that motion is denied.

*BACKGROUND*

The gravamen of Brown's complaint is that, while eating a sandwich of tuna fish, mayonnaise and onion at Greenhaven Correctional Facility:

he bit down into the sandwich, and commenced to chew, [and] his upper right teeth struck foreign, hard objects. In an attempt to spit the food out, some of the ingested food was swallowed, causing severe scratching to the pharynx and esophagus.

Plaintiff's Case Statement at ¶ 5. Defendants deny having caused plaintiff the injuries he claims.

On March 2, 1989, I placed this action on the list

circulated to the *Pro Bono* panel and, on March 17, 1989, stayed all discovery pending the appearance of counsel. On February 6, 1990, after the Southern District Pro Se Office was unable to secure representation for plaintiff, I directed him to proceed *pro se.* In an omnibus Order dated July 18, 1990, I instructed plaintiff that under the federal rules, he need not make a motion to this Court to request documents from defendants and reminded him that his discovery requests must be, in the language of Rule 26(b)(1), Fed.R.Civ.P., "relevant to the subject matter involved in the pending action."

Plaintiff subsequently filed a "Notice for Discovery and Production of Documents" ("Discovery Notice") under Rules 34 and 37, Fed.R.Civ.P.. He requested that defendants provide him with the following:

"1. List of employees who were responsible for the maintenance of all machinery, processing and shipping of your product, *Chicken Of The Sea Chunk Light Tuna In Water* job. no. 178243

2. The name of the inspector or inspectors who certified or cleared your product and job no. 178243, presumably in accordance with J.D.A. Policy and Procedures for processing, packing and shipping *Chicken Of The Sea Light Tuna In Water.*

3. The published and stated acceptable amount and kind of kinds of foreign substances allowable in Chicken Of The Sea Chunk Light Tuna In Water if there are any such acceptable amount and or kind or kinds of foreign substances allowable."

Discovery Notice at 1.

Defendants move under Rule 26(c), Fed.R.Civ.P., for a **protective order** against these **discovery** requests. They claim that these demands are "**irrelevant** to the matter at hand and, moreover, [are] burdensome and would cause the defendants to incur great expense." Affidavit of Stephen Weiner, Esq. at 3 (Weiner is defendants' counsel) ("Weiner Aff't."). They thus contend that they should be protected from having to expend the time and money necessary to comply with plaintiff's request. *Id.* at 4-5.

*DISCUSSION*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

*2 Rule 26(c), Fed.R.Civ.P., provides in pertinent part:

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Rule 26(c), Fed.R.Civ.P.. The rule then specifies various forms that a protective order may take--although, by the explicit language of the rule, that list is not exhaustive.

Rule 26(c) must be read in conjunction with the provisions for broad discovery embodied in Rule 26(b), Fed.R.Civ.P.. Rule 26(b) contains the following expansive language:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Rule 26(b)(1), Fed.R.Civ.P.. *See also* Advisory Committee Note to the 1946 Amendment (describing the changes in the rule as "mak[ing] clear the broad scope of examination); *but see* Advisory Committee Note to the 1983 Amendment (describing more recent amendments to the rule as necessary "to deal with the problems of over-discovery").

The courts, reading this language liberally, have generally found a presumption that information can be discovered. The Second Circuit Court of Appeals has held that "discovery serves important purposes" and thus that "[r]ules governing discovery should be interpreted broadly to achieve those purposes." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir.1985) (and cases cited therein). As one district court has held:

[T]his court believes in a liberal application of the

discovery rules. Thus both parties have been permitted to engage in a broad discovery program. The underpinning of this belief has been the principle that the parties, the court, and ultimately the public will all benefit from a complete and expeditious presentation of all the relevant and non-privileged facts of this case.

*United States v. Int'l Business Machines Corp.*, 68 F.R.D. 315, 316 (S.D.N.Y.1975). *See also Soobzokov v. C.B.S., Inc.*, 642 F.2d 28, 30 (2d Cir.1981) (upholding discovery order because it was "consistent with the broad and liberal treatment generally accorded Fed.R.Civ.P. 26."); *Burka v. New York City Transit Authority*, 110 F.R.D. 660, 667 (S.D.N.Y.1986) (there "is [a] 'strong policy in favor of full development of the facts in federal litigations to the end that justice can served.' ") (quoting *Lora v. Bd. of Education*, 74 F.R.D. 565, 579 (E.D.N.Y.1977)).

A certain tension thus exists between the expansiveness of Rule 26(b) and the constraints of Rule 26(c). Nonetheless, these rules operate together to create a more workable discovery system. As the Advisory Committee Notes to Rule 26(b) cited above suggest, concerns have arisen about perceived abuses of the discovery process; Rule 26(c) acts as a restraint on those abuses. The presumptions inherent in Rule 26(b) can be overridden and the protections of Rule 26(c) invoked, but only "for good cause shown" and only if "justice requires." Plaintiff's and defendants' competing discovery requests must be analyzed against this backdrop.

*3 This court retains wide discretion both in supervising the extent of discovery and in determining the limits placed on that discovery. *See, e.g., Soobzokov v. C.B.S., Inc., supra*, at 30 ("Motions relative to discovery are addressed to the discretion of the court."). That discretion, however, is not unfettered:

"The exercise of this discretion often requires that the court balance the interests of the litigant in obtaining information against the costs of providing it."

*Ross v. Bolton*, 106 F.R.D. 22, 23 (S.D.N.Y.1985).

Rule 26(c) embodies a balancing test. The

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

litigation needs of the party seeking information must be weighed against those interests of the party opposing that discovery which are entitled to protection. *See, e.g., Kaufman v. Edelstein,* 539 F.2d 811, 821 (2d Cir.1976) (in the context of compelling the testimony of expert witnesses, balancing the government's need for their testimony against expert's need to be free from such compulsion); *Apex Oil Co. v. Di Mauro,* 110 F.R.D. 490, 496 (S.D.N.Y.1985) (and cases cited therein).

The courts use a two-step approach to balance these competing needs. The court looks, first, at whether the party opposing discovery has articulated reasons why the disclosure would be burdensome, or of privileged material or, undesirable for policy-related reasons. In the language of the rule, the relevant query is whether defendants have satisfied the "good cause shown" standard. Once that showing has been made, the court determines whether the party seeking discovery can show that its need for the information is sufficient to overcome the opposing party's demonstration of harm. The *Apex Oil* court aptly summarized this analytic approach:

"[W]here a party establishes that disclosure of requested information could cause injury to it or otherwise thwart desirable social policies, the discovering party will be required to demonstrate that its need for the information, and the harm that it would suffer from the denial of such information, outweigh the injury that disclosure would cause either the other party or the interests cited by it.

*Apex Oil Co. v. Di Mauro, supra,* at 496 (and cases cited therein). There, the court found first that the information at issue was "entitled to protection" and then weighed whether plaintiff had made "an adequate showing of need" for that information. *Id.* at 497. *See also, e.g., Gillman v. United States,* 53 F.R.D. 316, 318-319 (S.D.N.Y.1971) (balancing hospital's need to maintain confidentiality of records of Board of Inquiry proceedings against decedent's widow's need for access to information about the circumstances of death); *Burka v. New York City Transit Authority, supra* at 661, 663-667 (balancing plaintiff's need for information about potential class members against defendants' interest in protecting the privacy interests inherent in employment and discharge records).

The first question is whether defendants have shown any reason why the information sought is entitled to protection. The problem here, however, is that defendants failed to file a memorandum of law in support of their motion for a protective order [FN1]; defendants instead rely on the conclusory allegations contained in the affidavit of counsel. Defendants there make three sweeping arguments as to why they are entitled to a protective order. Defendants nowhere distinguish any one of plaintiff's requests from any other; the same complete protection is sought for the same blanket reasons for each of the discovery requests.

*4 First, defendants claim that complying with any or all of the three requests would be unduly burdensome. Specifically, defendants' contend that:

"this information may not even be obtainable and even the attempt to ascertain the viability of such information would cause the defendants to incur great expense.... These requests would clearly cause the defendants to incur great cost at attempting to locate, if that were even possible, the individuals and the information demanded by plaintiff.

Weiner Aff't at ¶¶ 8, 9.

I reject that argument. I will address plaintiff's last discovery request first and his first two requests together. First, to disclose "the published or stated" amount of foreign substances permitted in defendants' tuna, defendants need not locate individuals or comb through massive files--either defendants have published such information (internally or publicly) or they have not. Defendants have not made any showing of need for protection separate from their self-serving assertion of difficulty in obtaining that information.

With respect to plaintiff's other two requests--for the names of the employees who worked on the can of tuna and of the inspectors who inspected that can-- defendants' claims are equally weak. First, defendants argue that they may not be able to produce those individuals. Weiner Aff't at ¶ 9 (quoted above). However, plaintiff seeks only their names and, presumably, whatever information defendants may have as to their whereabouts; he

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

has not asked defendants to produce these individuals for deposition. Second, defendants merely say that they cannot produce that information. Instead, they must inform this Court of the reasons why production is unusually difficult.

Defendants' second broad argument against compliance is that the requests "seek irrelevant information." Weiner Aff't at ¶ 10. Defendants offer the following argument:

"[Plaintiff's discovery request] forces the defendants to incur great expense and time to locate information which has no relevance to this case and which will not assist in the plaintiff's prosecution of this matter."

*Id.* at ¶ 10.

Again, addressing plaintiff's third discovery request first, I cannot fathom any reason why the information sought--what levels of contamination are acceptable in defendants' tuna--is not relevant. The burden is on defendants to articulate a reason why that information is not relevant. Defendants have not done so.

The same is true with respect to plaintiff's first two discovery requests. The names of the individuals concerned with the production of the can of tuna in question are obviously relevant to possible construing discovery.

Defendants' third argument for a protective order consists of one sentence in the penultimate paragraph of the Weiner affidavit. Defendants there state that plaintiff's requests "lack specificity." Weiner Aff't at ¶ 10. They seem specific enough. Defendants' objection is conclusory. They must at least attempt to answer.

### CONCLUSION

*5 Because defendants have failed to show the "good cause" required by Rule 26(c), Fed.R.Civ.P., I deny their motion for a protective order pursuant to that rule. Defendants have sixty (60) days from the date of this Order to produce the information sought.

It is SO ORDERED.

FN1. Such a memorandum is required under the rules of the Southern and Eastern Districts of New York. *See* Civil Rules 3(b) ("Upon *any* motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon support of the motion....") (emphasis added).

1991 WL 208799, 1991 WL 208799 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works