



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 JAN 13  A 11: 25

US DISTRICT COURT
HARTFORD CT

DANIEL J. STRANG,       :

    Plaintiff,       :

    v.       :       CASE NO. 3:02CV564(AWT)

CHASE MANHATTAN BANK, N.A.,   :

    Defendant.       :

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Pending before the court is the plaintiff's motion to compel. (Doc. #28.) The motion is DENIED without prejudice for failure to comply with D.Conn.L.Civ.R. 9.

First, although required, the plaintiff's memorandum of law does not contain "a concise statement of the nature of the case" and does not "include as an exhibit copies of the discovery requests in dispute." See D.Conn.L.Civ.R. 9(d)(3).

Second, the plaintiff failed to submit an "affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." See D.Conn.L.Civ.R. 9(d)(2). The plaintiff's "certification" does not comply with this requirement. The meet-and-confer requirement mandates that "[parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . .

what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. . . . Movants must detail the efforts to confer and explain why they proved fruitless." Messier v. Southbury Training School, No. 3:94CV1706(EBB), 1998 WL 841641, at *3 (D.Conn. Dec. 2, 1998).

Third, the plaintiff uses improper terminology. In his memorandum, the plaintiff refers to the discovery requests at issue as "requests for order" and submits seven requests for order. The local rule requires a specific verbatim listing of each of the items of discovery sought. See D.Conn.L.Civ.R. 9(d)(3). This means that the moving party must set forth the precise text of the discovery request including the title of the request as it appears in the discovery request served on the opposing party -- e.g., request for production 1. By referring to the discovery items in the same manner as they are identified in the discovery request served on the opposing party, there is no confusion as to the particular discovery request being addressed.

After setting forth the text of the plaintiff's discovery request, the plaintiff shall set forth the defendant's verbatim response to the request. Immediately following this, the plaintiff shall set forth his legal argument, and any relevant legal authority, as to why the particular discovery item should be allowed.

2

For these reasons, the motion is DENIED without prejudice to refiling in 10 days in a format that complies with the District of Connecticut Local Rules of Civil Procedure. SO ORDERED.

Donna F. Martinez
United States Magistrate Judge

## CERTIFICATE OF SERVICE

DANIEL J. STRANG
v.
CHASE MANHATTAN BANK, USA, N.A.

U.S.D.C., District of Connecticut
Case No. 302CV564 (AWT)

This is to certify that a copy of the foregoing MEMORANDUM OF LAW IN FURTHER SUPPORT OF CHASE'S MOTION TO COMPEL AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR CONTEMPT was mailed, via Airborne Express, for delivery on Wednesday, December 24, 2003 by 12:00 p.m., prior to the latest time designated by that service for such delivery, on this 23rd day of December, 2003, to:

Zenas Zelotes, Esq.
Attorney for Plaintiff
753 Buddington Road
Groton, CT 06320

BY: _____
THOMAS E. STAGG (ct23429)
Simmons, Jannace & Stagg, L.L.P.

Cert Svc 07 overnite