IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Daniel J. Strang | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 302cv564(AWT) |
| | ) |
| Chase Manhattan Bank, N.A. | ) |
| Defendant | ) |
| | ) December 27, 2003 |

**REPLY MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR CONTEMPT**

The defendant first argues that it should not be penalized for **disobeying a court order** because **the plaintiff** did not append to his memorandum a "verbatim listing" of the discovery compelled.

A brave man was he who first considered the foregoing articulation a sensible refuge from sanction. The defendant conveniently forgets that ours is not a motion to compel – ours is a motion for **contempt**. The discovery compelled is **already** part of the official court record. Even were it not, a perceived procedural shortcoming in a motion for contempt is no excuse to disobey the orders of a federal judge (and certainly no shield).

For the court's pleasure, a copy of the order articulating the discovery compelled (and a copy of the original request) are appended hereto.

The defendant next argues that a contempt sanction is "moot" insofar as the plaintiff "expects" to provide the ("requested") training manuals within the next two weeks. Forgetting

for a moment that long gone are the days when the plaintiff was "requesting" anything (ours is

**not a motion to** *compel*) the defendant's reasoning does not persuade.

The defendant should be sanctioned **irrespective** of its forecasted compliance.

Again ... ours is not a motion to compel – ours is a motion for **contempt.**

Eve of argument production **does not moot** a *preceding contempt* of court order.

The defendant's unjustifiable insolence is inexcusable:

1)      The defendant first received the applicable document request in **June 2002 (a full**

**18 months prior).**

2)      Oral argument was not held on the plaintiff's motion to compel until April 2003 --

more than sufficient time (**10 months**) to locate the applicable documents and

furnish the same to defense counsel (pending court order).

3)      On **April 24 2003**, Judge Martinez issued an order compelling the subject

documents **(7 months ago).**

4)      The defendant did not thereafter appeal her order compelling production – rather,

the defendant appealed production absent *confidentiality*.

5)      On **September 8, 2003 (3 and ½ months ago)**, Judge Chatigny issued his

decision -- production was then *unequivocally* due.

The defendant – ignored the court. *Eighteen months* since the plaintiff's initial service of the discovery compelled and the defendant did **nothing**.

Is her honor prepared to passively excuse so **flagrant** a mockery of her authority?

This is what the defendant asks of her.

**The defendant's compliance should not be facilitated by the plaintiff's outstanding motion to contempt – but from a proper respect for her honor's orders.**

The defendant's sloth and indifference **trivializes** Judge Martinez's authority.

Interim production is now relevant only to the severity of appropriate sanction.

A final comment:

The court might properly consider concurrent Rule 11 sanction against Thomas Stagg in conjunction with his bad-faith effort to compel the plaintiff's confidences (as articulated in his retainer agreement).

Mr. Stagg has utterly failed to demonstrate how the plaintiff's confidences or contractual relations with Mr. Strang are in any way relevant to lodestar analysis (they clearly are not). Nor

has he articulated how the foregoing is relevant to any other essential element of the plaintiff's claims. Still ... he persists in taxing the judicial resource.

Mr. Stagg's zealous enthusiasm (to discredit and shift blame to opposing counsel) is reminiscent of the Roman philosopher Cicero:

"When you have no argument, abuse the plaintiff."

Mr. Stagg has little to offer in defense of his client – so instead, he endeavors to attack and expose the undersigned (a greedy, unethical member of the plaintiff's bar, to be assured). This case in not about Mr. Zelotes – it is about Chase Manhattan's corporate fraud.

Mr. Stagg's persisting demand that Mr. Zelotes betray his client's confidences ... infuriates Mr. Zelotes beyond words.

If the court deems Mr. Stagg argument seated in a vexatious spirit, additional sanction ought properly be considered.

Daniel J. Strang, Plaintiff
By his Attorney
ZENAS ZELOTES, ESQ.

Zenas Zelotes, Esq.
Consumer Law Office of
Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct23001

Case Exhibits

74    UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



DANIEL J. STRANG,                                    :

        Plaintiff,                                   :

v.                                                   :    CASE NO. 3:02CV564(AWT)

CHASE MANHATTAN BANK, N.A.,                          :

        Defendant.                                   :

RULING ON DISCOVERY MOTIONS

Before the court are the plaintiff's motion to compel responses to production requests 1, 2, 3, 4, 5, 6 and 9 of his first request for production dated June 26, 2002 (doc. #32) and the defendant's motion for a protective order (doc. #40). The court heard oral argument on April 21, 2003.

I.    Plaintiff's Motion to Compel

Having considered the arguments made by counsel in their written submissions and during oral argument, the court rules on the plaintiff's motion to compel as follows:

1.    Request for Production 1 is GRANTED absent objection.

2.    Request for Production 2 is GRANTED as to charge slips. To the extent that the defendant claims that the requested information does not exist, it shall swear to such an assertion under oath and provide the plaintiff with its sworn response.

3.    Requests for Production 3 and 4 are GRANTED.

4.    Request for Production 5 seeks training material for the position of "deceased unit supervisor." The defendant responded

quotation marks omitted.)   In the present case, the defendant has not substantiated its assertion that the material is proprietary and that it will suffer harm if the court does not enter a protective order.  Request for Production 5 is GRANTED.

5.    Request for Production 6 is WITHDRAWN at the request of the plaintiff in open court on April 21, 2003.

6.    Request for Production 9 seeks financial information. Information regarding the defendant's net worth or financial condition is relevant in this case because of the plaintiff's request for punitive damages under CUTPA.  See Conn. Gen. Stat. § 42-110g(d).  The request, however, is premature and is DENIED without prejudice to refiling later in the proceedings.  See Ahern v. TransUnion, No. 3:01CV2313(DJS)(TPA)(ordering defendant to "produce this material under seal to be held pending a motion for summary judgment and/or directed verdict").

7.    The plaintiff's request for costs pursuant to Fed. R. Civ. P. 37 is DENIED.  Upon consideration of all of the circumstances, the Court has determined that an award of costs would be unjust.

II.    Defendant's Motion for a Protective Order

The defendant seeks a protective order directing that the plaintiff's deposition of the defendant's 30(b)(6) witness, Jolene Singer, be conducted either at: (1) its local credit card headquarters in Hicksville, Long Island, (2) its banking headquarters in Greenwich, Connecticut or (3) the United States

3

that "it is prepared to provide the plaintiff with responsive training and procedures materials but will do so pursuant to a protective order or a confidentiality stipulation . . . .."   The defendant states that its request for a protective order "is reasonable and appropriate because the materials relate to the quality, efficiency and effectiveness of service Chase provides to its customers and can provide an unfair advantage to Chase's competitors."  (Def's Mem. in Opp'n at 6.)

Federal Rule of Civil Procedure 26(c) provides, in pertinent part, that "[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court . . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  The party seeking to have access to discovery materials restricted has the burden of proving the necessity of a protective order.  See In Re Agent Orange Production Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987).  As the party resisting disclosure, the defendant "must show an adequate reason, by a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. . . . [B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  Loussier v. Universal Music Group, Inc., --- F. Supp.2d ----, 2003 WL 1070203, at *2 (S.D.N.Y. Apr 10, 2003)(citations and

2

District Court for the District of Connecticut in Hartford, Connecticut. (Doc. #40.) The motion is GRANTED. The defendant's witness may be deposed at any of the three locales.

Both parties requested fees associated with this motion. These requests are DENIED.

**The parties are strongly reminded that they must make their best efforts to resolve any differences and present to the Court only those issues of discovery that are necessary for the full weight of judicial authority.**

SO ORDERED at Hartford, Connecticut this 23rd day of April, 2003.

Donna F. Martinez
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Daniel J. Strang | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 302cv564(AWT) |
| | ) | |
| Chase Manhattan Bank, N.A. | ) | |
| Defendant | ) | |
| | ) | June 26, 2002 |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

To:    Chase Manhattan Bank USA, N.A. through its attorney:  Kevin P. Simmons, Esq.

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Requests For Production of Documents and produce the following documents requested by Robert Gilbert Sr., through and to his attorney, Zenas Zelotes, Esq., **within thirty (30) days** from service hereof, in accordance with the provisions of Rule 34, et seq., of the Federal Rules of Civil Procedure.

Please produce the following:

1.    Any application for credit pertaining to the credit account referenced in the complaint.

2.   Any document purporting to be a credit transaction involving the credit account referenced in the complaint.

3.   Any other document referencing the credit account referenced in the complaint.

4.   Any document referencing the Plaintiff or Katherine D. Strang.

5.   Any training, policy and/or procedure manual(s) that detail the job responsibilities of "D.M. Kraemer" or any other person being, or subject to the authority of, a "deceased unit supervisor" (as that title is used in exhibit two of the complaint).

6.   Any document provided by "D.M. Kraemer" to the Defendant, or obtained by the Defendant, in connection with Kramer's obtaining employment with the Defendant (such as a resume, employment application, credit report, or other background check).

7.   Any document being an employment contract between the Defendant and "D.M. Kramer."

8.   Any document used to evaluate or document "D.M. Kraemer's" job performance at Chase.

9.   Any document drafted to summarize, in whole or in part, any deceased unit's productivity in 2000, 2001, and/or 2002.

Daniel J. Strang, Plaintiff
By his Attorney
ZENAS ZELOTES, ESQ.

Zenas Zelotes, Esq.
Consumer Law Office of
Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct23001

## Certificate of Service

I hereby certify that a copy of the foregoing Request for Production, dated 6/26/02, was,

on 6/26/02, mailed to:

Simmons, Jannace & Stagg, LLP
Attn: Kevin P. Simmons, Esq.
90 Merrick Avenue, Suite 102
East Meadow, New York 11554

Dated: 6/26/02

Daniel J. Strang, Plaintiff
By his Attorney
ZENAS ZELOTES, ESQ.

Zenas Zelotes, Esq.
Consumer Law Office of
Zenas Zelotes, Esq.
753 Buddington Road
Groton CT 06320
(860) 448-6140
Fed Bar No. ct23001

# Zenas Zelotes Esq.
753 Buddington Road, Groton, CT 06340
(860) 448-6140 Credit Report Lawyer.Com

COMMERCIAL TRADE PRACTICES LITIGATION

Simmons, Jannace & Stagg, LLP
Attn: Thomas Stagg
90 Merrick Avenue, Suite 102
East Meadow, New York 11554      12/27/03

# Zenas Zelotes Esq.
753 Buddington Road, Groton, CT 06340
(860) 448-6140 Credit Report Lawyer.Com

COMMERCIAL TRADE PRACTICES LITIGATION

12/27/03

# Zenas Zelotes Esq.
753 Buddington Road, Groton, CT 06340
(860) 448-6140 Credit Report Lawyer.Com

COMMERCIAL TRADE PRACTICES LITIGATION

12/27/03

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was on this date served via first class mail (USPS) upon each addressee hereon listed.

Date: 12/27/2003

DANIEL J. STRANG

by ZENAS ZELOTES, ESQ.
his Attorney

ZENAS ZELOTES, ESQ.
Consumer Law Office of Z. Zelotes
753 Buddington Road
Groton CT 06320
Tel. (860) 448-6140
Fax: (860) 448-6140
Zzelotes@comcast.net
Fed. Bar No. 23001