UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
DANIEL J. STRANG,

         Plaintiff,    Civil Action No.:
                302CV564 (AWT)
  - against -

CHASE MANHATTAN BANK, USA, N.A.,

         Defendant.
------------------------------------------------------------X

### MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS

Defendant, Chase Manhattan Bank, USA, N.A. ("Chase"), by its attorneys, Simmons, Jannace & Stagg, L.L.P., respectfully submits this Memorandum of Law in opposition to plaintiff's reply memorandum of law, which for the first time improperly requests Rule 11 sanctions against Thomas Stagg, Chase's counsel.

#### Preliminary Statement

Plaintiff's reply memorandum requests that the court sanction Attorney Stagg on the grounds that he acted in bad faith and "infuriated" plaintiff's counsel. (Plaintiff's Reply Mem. at 3)[1] This frivolous and belated request should be denied. Plaintiff failed to allege that Attorney Stagg acted unreasonably. Plaintiff also failed to set forth any support for his allegation that Attorney Stagg acted in bad faith.

Moreover, Plaintiff's request is procedurally defective. Plaintiff failed to request sanctions in an independent motion, as Federal Rule of Civil Procedure 11 requires.

---

[1] Plaintiff failed to put page numbers on his reply memorandum. Citations are to the page numbers that should be on the memorandum.

**ORAL ARGUMENT IS NOT REQUESTED**

Plaintiff also raised the issue of sanctions for the first time on reply. This is prohibited by Local Rule 7(d). For these reasons, plaintiff's request should be denied.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO ALLEGE THAT ATTORNEY STAGG ACTED UNREASONABLY

Rule 11 sanctions may only be awarded when an attorney has acted unreasonably. See United States v. International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1344 (2d Cir. 1991). Plaintiff fails to allege or explain how Attorney Stagg acted unreasonably. Although plaintiff carelessly accuses Attorney Stagg of acting in bad faith, he fails to provide any support for this frivolous allegation. (Plaintiff's Reply Mem. at 3) Accordingly, plaintiff's motion should be denied.

### POINT II

### PLAINTIFF'S REQUEST IS PROCEDURALLY DEFECTIVE

Federal Rule of Civil Procedure 11(c)(1) provides, in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests . . .

Sanctions must be requested in an independent motion so the respondent has notice and an opportunity to respond. See Nuwestra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 92-4 (2d Cir. 1999). The request for sanctions may not be incorporated in a motion for other relief. See id.; Surles v. Air France, 210 F. Supp. 2d 501, 503 (S.D.N.Y. 2002). Moreover, the motion for sanctions may only be filed with the

2

**ORAL ARGUMENT IS NOT REQUESTED**

court 21 days after it is served upon opposing counsel. See <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1328 (2d Cir. 1995). Plaintiff failed to comply with any of these requirements.

Moreover, plaintiff may not initially request sanctions in a reply memorandum. Local Rule 7(d) provides, in pertinent part:

> A reply brief . . . must be strictly confined to a discussion of matters by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made.

Thus, a reply brief may not discuss matters that were not discussed in the opposition. Plaintiff first raises his request for sanctions in the reply memorandum supporting his cross-motion. Chase's opposition does not discuss sanctions. Accordingly, plaintiff's request for sanctions should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny plaintiff's request for sanctions.

Dated: East Meadow, New York
January 7, 2004

Simmons, Jannace & Stagg, L.L.P.

BY: _____
Thomas E. Stagg
(Juris No. CT 23429)
Attorneys for Defendant
Chase Manhattan Bank, USA, N.A.
**Office & P.O. Address:**
90 Merrick Avenue, Suite 102
East Meadow, New York 11554
(516) 357-8100

mol sanctions

3

**ORAL ARGUMENT IS NOT REQUESTED**

## CERTIFICATE OF SERVICE

DANIEL J. STRANG
v.
CHASE MANHATTAN BANK, USA, N.A.

U.S.D.C., District of Connecticut
Case No. 302CV564 (AWT)

This is to certify that a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS was mailed, via Airborne Express, for delivery on Thursday, January 8, 2003 by 12:00 p.m., prior to the latest time designated by that service for such delivery, on this 7th day of January, 2004, to:

Zenas Zelotes, Esq.
Attorney for Plaintiff
753 Buddington Road
Groton, CT 06320

BY: _____
ANDREW KAZIN (ct24833)
Simmons, Jannace & Stagg, L.L.P.

Cert Svc 09 overnite